IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Criminal Action No. 5:11-cr-31

GREGORY LYNN SANDRETH,

    Defendant.

**REPORT AND RECOMMENDATION DEFENDANT'S
RENEWED MOTION TO SUPPRESS BE DENIED**

I.    Introduction

This matter comes before the Court on Defendant's Motion to Re-Open the Court's Suppression Hearing.[1] On September 8, 2011, Defendant filed a Motion to Suppress Statements and Search Warrant. The Court held an evidentiary hearing and argument on Defendant's Motion to Suppress on September 19, 2011, and the Court subsequently issued a Report and Recommendation that Defendant's Motion to Suppress be Denied. After the defendant disclosed additional information concerning the traffic stop and vehicle search which occurred on February 19, 2011, Defendant's counsel moved this Court to re-open the suppression hearing. The Motion was granted and on October 6, 2011, this Court held an evidentiary hearing and argument on the Motion. At the hearing, this Court asked Defendant to file a Memorandum of Law in support of his Motion, which the Defendant did on October 7, 2011. The government also filed its Memorandum of Law in Opposition to Defendant's Renewed Motion to Suppress on October 7,

---

[1] Dkt. No. 42.

1

2011. The United States of America ("USA") appeared by Andrew R. Cogar, Esq., in person. Gregory Lynn Sandreth ("Defendant") appeared in person and by his counsel Patricia Valentino Kutsch, in person. Defendant tendered the testimony of Corporal L.M. Roberts and Virginia Sue Sandreth. The USA tendered the testimony of Corporal David L. Stafford. No other testimony was taken nor was any other evidence adduced.

## II. Hearing Testimony

A.  Testimony of Corporal Roberts

At the October 5, 2011 evidentiary hearing and argument, Corporal Roberts of the West Virginia State Police testified that on February 19, 2011, he went around to the passenger side of the vehicle and asked Mr. Sandreth for his consent to search. After getting his consent, he asked Mr. Sandreth to step outside the vehicle, and as he did so, Corporal Roberts noticed two knives on his person. Corporal Roberts removed the knives and then asked Mr. Sandreth to stand on the sidewalk with his wife while he searched the vehicle. He testified that he did not handcuff him at that time. He stated he was positive that he did not handcuff him until after the vehicle search took place. When asked again whether he was positive of this, he reiterated that he was. He stated that he felt there was no need to handcuff Defendant because he was being cooperative by complying and by giving consent. He also testified he felt there was no need to handcuff Defendant at that time because other officers were already present at the scene, leading him to feel secure.

B.  Testimony of Virginia Sue Sandreth

At the October 5, 2011 evidentiary hearing and argument, Virginia Sue Sandreth, Defendant's wife, testified that Defendant was handcuffed "within seconds" of stepping outside

the vehicle. When asked again about the sequence of events on February 19, 2011, she stated that immediately after Defendant exited the passenger seat, he was handcuffed by Corporal Roberts. She also testified that she never heard the officers say anything about why he was handcuffed, and she never heard them say that he was under arrest. She also testified that Defendant was not raising his voice, he was not asking questions, and he was standing on the sidewalk, not moving around much.

C.      Testimony of Corporal David L. Stafford

At the evidentiary hearing, Corporal David L. Stafford of the West Virginia State Police testified that he could not remember if Defendant was in handcuffs at the time the search of the vehicle was conducted. However, he testified that Defendant was placed in handcuffs just before he was placed inside the police cruiser. He testified that at that point Defendant was told that he was being placed under arrest. He also testified that he remembers the handcuffs being put on Defendant just before being put inside the police car because Defendant mentioned that due to back or shoulder issues, he would rather be handcuffed in the front or not be handcuffed.

III.     Analysis and Recommendation

After having observing the witnesses' demeanors and evaluating their credibility, and after reviewing and considering all the testimony presented at the evidentiary hearing, this Court concludes Defendant was not placed in handcuffs until just before he was put into the police cruiser.

Corporal Roberts testified he is positive Defendant was not handcuffed until the vehicle search was completed and he was about to be placed in the squad car. This is consistent with his testimony at the September 19, 2011 Motion to Suppress hearing where he also stated that it was

3

only after the search of the vehicle that he placed Defendant under arrest. Mot. to Supp. Hr'g 12-13. He further testified there was no need to place Defendant in handcuffs because he was being cooperative, and this testimony iss corroborated by the testimony of other officers at the Motion to Suppress hearing who stated Defendant generally was calm and cooperative with officers. See id. at 43 (Officer Mott noting that Defendant was calm with officers while at his house); id. at 80 (Officer Price testifying that Defendant was cooperative with officers). Corporal Roberts' testimony that there was no need to handcuff Defendant earlier because he felt secure in the presence of other officers is also corroborated by other testimony. Corporal Stafford testified that he was already on the scene, and he also testified that there was another officer standing with Defendant on the sidewalk. Renewed Mot. to Supp. Hr'g 19. This is also consistent with Corporal Roberts' previous testimony that there was a Weirton officer standing with Defendant during the search. Mot. to Supp. Hr'g 10-11. Given this factual record, the Court concludes it must credit Corporal Roberts' testimony.

This Court also finds it must credit Corporal Stafford's testimony. Corporal Stafford testified that he does not remember if Defendant was in handcuffs while the search was being conducted, but he does remember that Defendant was placed in handcuffs just before he was placed inside the squad car. It would make little sense for Defendant to be re-cuffed at that point if he were already in handcuffs, so this Court concludes Defendant must not have been in handcuffs during the search. In addition, Corporal Stafford's statement that Defendant mentioned back or shoulder pain when being placed in handcuffs at that point is corroborated by the testimony of Corporal Roberts at the September 19, 2011 hearing, who also noted Defendant mentioned his chronic back pain from past military service. Id. at 12.

Virginia Sue Sandreth, Defendant's wife, testified to a contradictory version of the events, so this Court must make a credibility determination to choose between alternative factual contentions. In this case, the Court finds it must discredit her testimony. Virginia Sue Sandreth testified that Defendant was placed in handcuffs immediately after exiting his vehicle, but she also testified that she was a "nervous wreck" that night, was shocked and upset to have been pulled over, and upset that her husband was in trouble. Renewed Mot. to Supp. Hr'g 13-14, 16. In such a heightened emotional state, this Court finds her memory might be understandably unclear. She also testified that her husband was not raising his voice and was not moving around much, which further reinforces Corporal Roberts' assessment that Defendant was not handcuffed because he was cooperating with police. Id. at 15-16. This Court also notes the motive or bias that might underlie a wife's testimony due to the natural desire to protect one's loved ones.

For the above-mentioned reasons, this Court recommends that Defendant's Renewed Motion to Suppress be **DENIED.**

Because trial is imminent, any party who appears *pro se* and any counsel of record, as applicable, may, within three (3) days of the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: October 11, 2011

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE