IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:11CR31
                                         (STAMP)
GREGORY LYNN SANDRETH,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING DEFENDANT'S MOTION FOR DEPARTURE,
GRANTING THE GOVERNMENT'S MOTION TO ENTER JUDGMENT
AND DENYING DEFENDANT'S RENEWED MOTION FOR DEPARTURE**

I.   Background

The defendant, Gregory Lynn Sandreth, pled guilty to one count of unlawful possession of a firearm by a drug user pursuant to 18 U.S.C. § 922(g)(3) on October 17, 2011. The defendant then filed a motion for departure from the sentencing guidelines. Thereafter, a sentencing hearing was held on January 23, 2012 at which this Court imposed a sentence of 15 months incarceration with three years of supervised release to follow and denied the defendant's motion for departure. This Court, however, then entered an order deferring entry of a judgment order because of the United States Court of Appeals for the Fourth Circuit's consideration of 21 U.S.C. § 922(g)(3) in a related case United States v. Carter, 750 F.3d 462 (4th Cir. 2014), cert. denied, 14-5618, 2014 WL 3854405 (U.S. Oct. 6, 2014)). The defendant was then released on bond.

The Fourth Circuit then upheld the firearms statute under which the defendant had been convicted in Carter and under which the defendant in this case had been sentenced. This Court then issued a letter to the parties requesting their views as to how this Court should proceed. The government then filed a motion to enter judgment of conviction.

In its motion, the government first advises the Court that defense counsel, in order to avoid an appellate waiver, has declined to make any procedural recommendations. Further, the government argues that this Court should enter a judgment of conviction as the defendant's conviction is constitutional and the sentence is final.

The defendant filed a response in which the defendant argues that the sentence is not final as this Court has not entered a judgment order and it can reasonably be argued that this Court sua sponte would have entered a stay of execution of the sentence. Further, the defendant asserts that the cases cited by the government as to its procedural argument are not precedent or applicable to this case and that this Court should apply Corey, 375 U.S. 169 (1963). In this case, the defendant argues that because he did not choose to delay execution and this Court rightly stayed the imposition of sentence, the sentence is not final.

The defendant in Carter then sought review of the Fourth Circuit's decision through a writ of certiorari to the United

2

States Supreme Court. The Supreme Court denied review. This Court then sent a letter to the parties indicating that it would enter judgment on this matter and setting a time line for objections. The defendant then timely filed a motion for departure.

In the motion for departure, the defendant asserts that extraordinary circumstances require a departure from the sentencing guidelines and that the defendant is entitled to a sentence of probation. The defendant asserts that the defendant's physical health has worsened since the sentencing hearing because the defendant has gained seventy to eighty pounds and must now use an ambulatory aid. Further, the defendant contends that this Court should depart from the applicable sentencing guidelines as the defendant has been under the threat of imprisonment for 33 months and has "effectively" served a term of home confinement.

For the reasons that follow, this Court finds that the government's motion to enter judgment should be granted and the defendant's motions for downward departure should be denied.

## II. Applicable Law

When imposing a sentence, the sentencing court must "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). In determining what sentence will be sufficient, a court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–

>     (A) to reflect the seriousness of the
>     offense, to promote respect for the law, and
>     to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal
>     conduct;
>     (C) to protect the public from further crimes
>     of the defendant; and
>     (D) to provide the defendant with needed
>     educational or vocational training, medical
>     care, or other correctional treatment in the
>     most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range
> established for . . . the applicable category of offense
> committed by the applicable category of defendant as set
> forth in the guidelines . . .
> (5) any pertinent policy statement issued by the
> Sentencing Commission . . . and
> (6) the need to avoid unwarranted sentence disparities
> among defendants with similar records who have been found
> guilty of similar conduct; and
> (7) the need to provide restitution to any victims of
> the offense.

Id. This Court must be mindful of these factors in considering the parties' arguments in this matter.

A. Motion for Departure

The defendant's initial motion for departure was orally denied by this Court during the defendant's sentencing hearing. This Court found that under the circumstances and considering the sentencing factors under 18 U.S.C. § 3553(a), a variance sentence was not applicable. This Court found that a guideline sentence would provide a sentence that is sufficient but not greater than that necessary to meet the objectives pronounced in § 3553(a). This order merely confirms that denial.

B. Motion to Enter Judgment

The government has filed a motion to enter judgment arguing that the sentence pronounced at the sentencing hearing was a final judgment and thus, this Court may now enter judgment as <u>Carter</u> has been denied a writ of certiorari. The defendant, on the other hand, contends that this Court's pronouncement was not a final judgment as this Court had not entered a judgment and commitment order.

"[T]he sentences to be served . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court." <u>Rakes v. United States</u>, 309 F.2d 686, 687 (4th Cir. 1962). The written judgment must therefore conform to the oral sentence. <u>See</u> <u>id.</u> at 688; <u>United States v. Toney</u>, 230 F.3d 1356 (4th Cir. 2000), on reh'g, 18 F. App'x 61 (4th Cir. 2001).

Further, the "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." <u>Berman v. United States</u>, 302 U.S. 211, 212 (1937) (citations omitted). Thus, where, "the imposition of the sentence was not suspended, but only its execution. The sentence [is] not vacated . . . [and it stands] as a final determination of the merits of the criminal charge . . . ." <u>Id.</u> Thus, in criminal cases, the judgment is final "when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined." <u>Id.</u> at 213.

This Court pronounced sentence at the sentencing hearing in the presence of the defendant in open court. This Court only deferred entering a final order of judgment and conviction pending the outcome of the <u>Carter</u> case. However, such a deferment only stayed execution of the sentence not the imposition of the sentence. Thus, the litigation was terminated except for the execution of that sentence. This Court only deferred entrance so that the defendant would have the possible benefit of a favorable decision in <u>Carter</u>. Thus, procedurally, this Court's January 23, 2012 sentencing pronouncement stands and must be implemented.

C. <u>Renewed Motion for Departure</u>

The defendant has filed a renewed motion for departure, for re-sentencing, and for probation. The defendant contends that he is entitled to a departure from the applicable sentencing guidelines because of his worsened health and because he has been under the fear of incarceration while awaiting a decision in <u>Carter</u>.

The sentencing guidelines allow a sentencing court to consider the physical condition of a defendant in determining whether a departure is warranted. U.S.S.G. § 5H1.4. The guidelines state that a court may depart from the guidelines "if [an offender's] condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the

6

guidelines. An extraordinary physical impairment may be a reason to depart downward." Id. In this case, this Court does not believe that § 5H1.4 is applicable. Weight gain, the use of an ambulatory device, and the other ailments complained of by the defendant are not "present to an unusual degree" or "extraordinary" so that this Court would be warranted in granting the defendant a term of probation rather than imprisonment. This Court cannot find, based on the defendant's representations, that he is a "seriously infirm defendant" for which home detention would be as efficient as imprisonment. Id. Thus, these considerations are not enough to grant a departure.

Further, as to the defendant's argument that a departure is warranted as he was under "threat of imprisonment" while awaiting the outcome of Carter, this Court agrees with the defendant's own assertion that "it clearly was in Mr. Sandreth's interest that execution of his sentence of incarceration should have been delayed pending the disposition of Carter . . . ." ECF No. 102 *4. The delay of execution was for the benefit of the defendant. Although the defendant was subject to certain rules of release, he was still able to live outside the confines of imprisonment. Put simply, incarceration is much different than essentially being subject to the standards of supervised release. The defendant was not incarcerated and this Court will not consider the time between the sentencing hearing and this order as a term of incarceration.

7

Finally, although the defendant has not specifically made a motion for a variance, this Court finds that a variance is also not warranted. This Court, after considering <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Advisory Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), finds that a sentence within the guideline range will still reflect the serious nature of the offense, promote respect for the law, provide just punishment of the offense, and afford adequate deterrence. As such, the defendant is still subject to the execution of the sentence pronounced by this Court at his sentencing hearing.

### III. <u>Conclusion</u>

Based on the analysis above, this Court finds that the defendant's motion for departure should be DENIED. Further, the government's motion to enter judgment is GRANTED. Finally, the defendant's renewed motion for departure is DENIED.

The formal judgment and commitment order will be entered after the entrance of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 28, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE